IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | No. CR-14-00858-001-PHX-SPL |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| Steven Audette, ) | |
| Defendant. ) | |

Defendant Steven Audette was recently tried before a jury on 90 counts of Wire Fraud and a single count of Conspiracy to Commit Wire Fraud. Trial began on March 15, 2016 and lasted for five days. At the end of the prosecution's case, Defendant moved for directed verdict, which the Court denied. (Doc. 190.) After presenting his defense, Defendant renewed his motion for judgment of acquittal, which the Court denied. (Doc. 202.) The jury deliberated for a little more than an hour and returned a verdict of guilty on all 91 counts. (Id.)

In response, Defendant has filed a number of documents: "Motion: as per filing of Eric Lighter, re: Judeo Christian Confession, I call for mistrial and recusal of court in above said case" (Doc. 212); "Motion: To submit evidence for mistrial, recuse the current court in aforementioned case" (Doc. 214); a letter to the Court dated March 29, 2016 (Doc. 215); "Motion: Mistrial, due to key witness, either not being sopoenad (sic), or unable to appear in Court" (Doc. 217); and a letter to the FBI Internal Affairs dated March 31, 2016 (Doc. 218). In addition, Eric Lighter, apparently an acquaintance of

Defendant, has also filed repetitive documents. The first document, filed shortly before trial is entitled "Request for Copy of Disposition of Eric Lighter's Petition for Amicus Curiae Status (filed October 26, 2015); Exhibit 'A'; Certificate of Service." (Doc. 178.) Mr. Lighter now seeks "Joinder with Defendant Audette's Motion for Mistrial and Recusal (filed 4-5-2016); Certificate of Service." (Doc. 219.) Defendant and Mr. Lighter's filings are convoluted and repetitious. (*See* Docs. 212-219.) The United States responded on April 15, 2016. (Doc. 220.) Defendant was previously advised that "[a] motion must state the grounds on which it is based and the relief or order sought" pursuant to Federal Rule of Criminal Procedure 47(b). (Doc. 184.) Defendant has not taken this advice to heart. Nevertheless, the Court will address the subjects raised in turn. Defendant is advised that any further filings that do not comply with the Rules will be summarily stricken.

### A. Motions for Mistrial

One of Defendant's main themes is that he seeks a mistrial. The Court construes this request as a renewal of his motion for a judgment of acquittal pursuant to Rule 29(c) of the Federal Rules of Criminal Procedure.

Defendant presents two reasons for his request. His first reason is that witnesses he subpoenaed were unable to attend trial and testify. Defendant particularly complains about the absence of his son, Nicholas Falls, and Eric Lighter. (Docs. 212 at 1; 214 at 1-2; 217 at 1-2.) The U.S. Marshals Service (the "Marshals") personally served Mr. Falls on March 17, 2016. The Government states that the "Marshals were unable to transport the witness because he lacked a social security number." (Doc. 220 at 5.) Mr. Falls's lack of a social security number is not the fault of the Marshals, the prosecution, his advisory counsel, or this Court. Defendant called two additional witnesses to testify on his behalf, his sister and step-daughter, neither of whom supported his version of events. Defendant's claim that Mr. Falls would support his version is speculative at best. This argument is unpersuasive.

Turning to Mr. Lighter, he was personally served on March 18, 2016. On March

21, 2016, Mr. Lighter filed a Motion to Quash Subpoena. (Doc. 191.) The motion, however, was missing the page that provided his reasons why compliance would be unreasonable or oppressive pursuant to Rule 17(c)(2). Apparently realizing the oversight, Mr. Lighter filed the missing page the next day. (Doc. 192.) First, Mr. Lighter stated he was indigent and on welfare. Second, he stated that he had Parkinson's Disease whose symptoms "restrict or deny [his] ability to travel long distances." (Id.) These reasons were sufficient to meet the "unreasonable or oppressive" standard of Rule 17(c)(2) and this Court quashed the subpoena. (Doc. 193.) To the extent that Defendant complains that he did not receive a fair trial due to Mr. Lighter's absence, Mr. Lighter, pursuant to his own statements, was physically unable to attend trial. Defendant's argument that, had his advisory counsel called Mr. Lighter, Mr. Lighter would have been able to attend trial is not consistent with the facts. (Doc. 212 at 1.)[1]

Defendant next argues that he should be granted a mistrial because of ineffective assistance of counsel of his advisory counsel. "The customary procedure for raising a claim of ineffective assistance of counsel in this Circuit is by collateral attack under 28 U.S.C. § 2255." *United States v. Molina,* 934 F.2d 1440, 1446 (9th Cir. 1991). If the record is sufficiently complete, the Ninth Circuit may address the issue on direct appeal. *Id.* However, "a motion for mistrial" is not the appropriate vehicle for these claims. As such, the Court will not address Defendant's ineffective-assistance-of-counsel claims.

Accordingly, the Court will deny Defendant's renewed motion for judgment of acquittal.

### B. Motion for Recusal

Defendant seeks this Court to recuse itself from this case. Generally, a judge should participate in cases assigned in the absence of a legitimate reason to recuse himself. *United States v. Holland,* 519 F.3d 909, 912 (9th Cir. 2008). Disqualification of a judge is governed by 28 U.S.C. §§ 144 and 455(a). Section 144 mandates that a party

---

[1] The Court notes that Mr. Lighter requested relief from the subpoena he was served, but now seeks to join Defendant in moving for a mistrial because of his absence.

must file an affidavit "stat[ing] the facts and the reasons for the belief that bias or prejudice exists." Section 455(a) requires recusal when the judge's "impartiality might reasonably be questioned." A "trial judge is required to recuse himself only when a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Winston,* 613 F.2d 221, 222 (9th Cir. 1980).

Here, Defendant did not file an affidavit and has not identified any actions taken by this Court that would suggest bias. At most, Defendant disagrees with the Court's evidentiary rulings. To the extent Defendant accuses the Court "of concealing federal evidence from the grand jury" and "theft" of his confession, his argument is inapt. (Doc. 214 at 1; *see also* Doc. 215 at 2.) The Court plays no part in the grand jury process. A prosecutorial agency presents evidence to a grand jury after an investigation. Defendant fails to cite any authority to support his repeated claims of misconduct by this Court. As such, the Court will deny Defendant's motion for recusal.

### C. Filings by Eric Lighter

Mr. Lighter is under the mistaken belief that he has requested amicus curiae status with this Court. The first document filed with this Court requested the status of his amicus curiae petition which he claimed to have filed on October 26, 2015. (Doc. 178.) However, a review of the docket reveals that no such document was filed in this Court. It is believed that Mr. Lighter and Defendant met while they were both incarcerated at a Federal Medical Center located in Butner, North Carolina. (Doc. 220 at 4.) Therefore, Mr. Lighter's only "relevant information" was provided by Defendant himself. He has no personal knowledge of any of the facts related to Defendant's criminal charges. The primary thrust of Mr. Lighter's statements in his latest filing echo those of Defendant—that this Court "stole[] and/or concealed" information from the grand jury. (Doc. 219.) This argument is meritless. Further, Mr. Lighter has no standing to file a motion for judgment of acquittal. Mr. Lighter does not have amicus curiae standing. To the extent Mr. Lighter was a subpoenaed witness, the Court timely responded to his request to quash

his subpoena. Therefore, the Court strikes Documents 216 and 219. Any further noncompliant documents filed by Mr. Lighter will be promptly stricken.

**IT IS ORDERED** that Defendant's motions for mistrial and recusal (Docs. 212, 214 and 217) are denied.

**IT IS FURTHER ORDERED** that Eric Lighter's filings (Doc. 216 and 219) are stricken.

Dated this 18th day of April, 2016.

Honorable Steven P. Logan
United States District Judge