I A

Steven-Dale: of the family Audette
sui juris, in propria persona, beyond sea
acceptor:

Maritime / Admiralty case
no: CR-14-0898-01-PHX-SP

Steve Audette #97587074
C.A.D.C.
INFIRMARY
P.O. Box 6300
Florence, AZ
85132

[FILED stamp:
FILED ✓   LODGED
RECEIVED   COPY
JUN 14 2016
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY]

L.S. Steven-Dale: of the family
Audette [in red ink]

<u>Affidavit in support of Steven-Dale: of the family Audette</u>

I  Affiant: States that Affiant is of majority age and competent to testify;

II  Affiant: States that Affiant was born in Duluth, Minnesota on the 29th day of either September, one thousand nine hundred and fifty seven, or December, one thousand nine hundred and sixty, of the current era;

III  Affiant: States that Affiant is currently unlawfully incarcerated at the Central Arizona Detention Center in Florence, Arizona, state;

IV  Affiant: States that if Affiant was not unlawfully detained, Affiant would be inhabiting somewhere in Arizona, state;

V  Affiant States that;
1) Affiant states that, in the nature of <u>Federal Rules of Criminal Procedure Rule 26.3</u>, mandates that the trial court provide parties opportunity to be heard;
2) Affiant states, that Affiant was purposefully, and systematically prevented from being heard;
3) Affiant states that due to the Courts prevention of Affiant being heard at

[left margin stamp: THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING TO FEDERAL AND/OR LOCAL RULES AND PRACTICES AND IS SUBJECT TO REJECTION BY THE COURT]

LR Civ 5.4

trial, the mandate for Rule 26.3 of the Federal Rules of Criminal Procedure has been violated by the court, to the detriment of the Affiant;

4) Affiant states, that in the Document #: 248-1, filed on 6-3-2016 line 12 which read Steven Audette, is misleading;

5) Affiant states that the present federal court, is a statutory court, created by Congress and can only address the illegal corporation, STEVEN DALE AUDETTE, ALL CAPS;

3) Affiant states that Affiant is Steven-Dale: of the family Audette, sui juris, in propria persona, beyond sea, on dry land;

1) Affiant states and declares, and Affiant comprehends, that there is no thing that stands between the Affiant, Steven-Dale: of the family Audette, and The Divine, The Creator, God Almighty, no pope, no vicar, no United States of America, District Court, District of Arizona, Phoenix Division, no judge of the United States, nor Magistrate, nor any other representative of the aforementioned united States Federal Court;

8) Affiant states, that Affiant is not STEVEN AUDETTE, PRO SE the corporation, but am myself and cite Article VII, article in amendment, in the nature of the Constitution for the united States of America, ratified in 1787;

7) Affiant states that the Constitution for the united States of America, ratified in 1787 does not allow ens legis, not a legal person, but a flesh and blood, natural born Man, on land, beyond sea; ~~article in amendment there is duly etc~~

10) Affiant states, that there is no proof, on the record, in the record, for the record, that Affiant, the natural born man, petitioner, Steven-Dale: of the family Audette, grandson of Charles

-2-

"Lucky" Luciano, ever consented to act as Surety for the ens legis corporation, STEVE AUDETTE, PRO SE all caps, in the Court of said Federal District Court, District of Arizona, Phoenix Division, Maritime/admiralty case no: CR-14-0858-01-PHX-SPL;

11) Affiant states that the court was conducted against the corporation and as such, should be negated null and void, and dismissed with prejudice;

12) Affiant states that Steven-Dale: of the family Audette, sui juris, en propria persona, Man on soil, beyond sea do hereby and therefore demand a mistrial;

13) Affiant states that trial was conducted in a biased and prejudiced manner;

14) Affiant states that Affiant petitions for a mistrial, based on lack of subject matter jurisdiction, lack of venue jurisdiction, and in personum jurisdiction of the common law court;

15) Affiant states, in the nature of the <u>Federal Rules of Criminal Procedure, Rule 33 states</u> that a new trial can be ordered for no other reason, than it is required in the interest of justice, cite <u>U.S. V Smith, 1947</u> 231 U.S 469, 91 L.ED. 1610;

16) Affiant states, that justice was not served, and in fact, was superceded by prosecutorial misconduct in the coercion and intimidation of a plea agreement endorsing lies to obtain a conviction

17) Affiant states, that plea agreement lies, presented to Affiant, and Affiants wife, served to create bias and prejudice in the courtroom from the bench, the prosecution and defense's standby counsel;

18) Affiant states that the court must review challenged trial

-3-

proceedings, to ensure that dictates of due process have been met. in the nature of U.S. V Narciso (1976, E.d. MICH) 446 F Supp 252.;

19) Affiant states, that in the nature of 28 USCS § 2255, which provides for a new trial for a prisoner in custody, under sentence of the court, established by an act of Congress, and claims right to be released on grounds that sentence violates Constitutional Laws of the United States or Court was out of jurisdiction to impose the sentence, or sentence was in excess, and may move court to vacate or set aside, or correct the sentence;

20) Affiant states that the court was out of jurisdiction, in that 18 USCS was never correctly ratified by Congress;

21) Affiant states that in the nature of 28 USCS § 2255, provides a petition under which there is a way for the Affiant/defendant to raise issues of inadequate representation and to proceed to consider petition upon merits; in the nature of U.S. V Mastoraint (1978, D.C. MASS);

22) Affiant states, that in the nature of 28 USCS § 2255, with inadequate counsel, biased judge, prosecution and defense attorney, and all defenses were denied to the Affiant/defendant, and a dismissal with prejudice, and a new trial should proceed on its own merits;

23) Affiant states, that in the nature of Rule 33 of the Federal Rules of Criminal Procedure; newly discovered evidence has been brought to light in the form of prima fascia evidencial testimony which was unlawfully concealed and prevented from presentation at trial;

24) Affiant states that there was a governmental concealment

-4-

of the defenses testimony of Affiant / defendant denied into Court;

25) Affiant states that the objections of the prosecution, ratified by the bench superceded presentation of the Affiant / defendant's testimony to the jury at trial;

26) Affiant states that in the nature of 28 USCS § 2255, with the presentation of new evidence, and a three year time period which takes presidence over the time for filing Rules 29 and 33 of the Federal Rules of Criminal Procedure, in light of new evidence, and the fourteen days time limit is itself negated for both rules 33 and 29;

27) Affiant states that in the nature of Strickland v Washington, purported judge Logan's unprofessional errors and omissions resulted in the fact that proceedings would have been different;

28) Affiant states that purported judge Logan's errors were severe enough to deprive Affiant / defendant of a fair trial in the nature of Strickland v Washington;

29) Affiant states that in the nature of Strickland v Washington, purported judge Logan's actions in court, and at trial violated the Affiant's rights secured and protected in the nature of the Constitutional Ammendment rights fourth, fifth, first and fourteenth of the United States of America, ratified in 1791;

30) Affiant states that in the nature of Strickland v Washington, cumulative errors resulted in the affiant's unfair and unjust trial;

31) Affiant states that pursuant and in the nature of the order of the Supreme Court, given in the celebrated case and nature of Strickland v Washington, that purported judge Logan contributed along with the prosecution and Affiant / defendant's own attorney did conspire to deny the Affiant / defendant a fair trial, and to deny Affiant / defendant justice;

-5-

32) Affiant states that pursuant to the order of the supreme court, and in the nature of the celebrated case of The Federal Crop Insurance Corp. v Merrill, 1947, compelling Affiant by a duty order by the court to ascertain the appointment ~~hereby contracting, or agencies~~ of all government employees, no matter at what level, therefore Affiant is required to ascertain;
1) Who administered your oath of office?
2) What date did you take your oath of office?
3) Where is that appointment recorded?
4) What are the limitations of your office

33) Affiant states, in the document #248-1, Affiant is referred to as the Plaintiff. Affiant is not the Plaintiff, but the Affiant / Defendant;
34) Affiant states that in the document #248-1, lines 23 and 24, that although it is true that Affiant clearly disagrees with the jury's verdict, what I find more distasteful, is the sham of a trial and kangaroo court I was forced to endure;
35) Affiant states, that Affiant / Plaintiff legally challenges the court, the verdict, the proceedings, the trial in its totality;
36) Affiant states that the court, the purported judge Logan, the prosecution, and even the Affiant/defendants so called attorney of stand by counsel were all biased and prejudiced;
37) Affiant states, that in a private conversation Affiant had with attorney Bonelli, attorney Bonelli stated that neither he, nor the judge, nor the prosecution, nor even my own investigator believed a word of my story. This is biased and prejudiced;
38) Affiant states the purported judge Logan admitted to being biased

-6-

and prejudiced, when in violation of Arizona Local Law 83.5, made the biased and prejudicial statement "On this case, I see only two victims", referring to the individuals Affiant/defendant borrowed money from; ~~and co-conspirators~~

39) Affiant states, that the biased, prejudiced comment was made by proported judge Logan, before trial even began;

40) Affiant states that in another biased and prejudiced comment, proported judge Logan stated "All I see are two woman financially devastated";

41) Affiant states that in the nature of <u>Federal Rules of Criminal Procedure Title 4 section 72</u>, which prohibits the government from bringing any matter mandated for the District of Columbia into another venue;

42) Affiant states that in the nature of <u>Federal Rules of Criminal Procedure 32</u>, Affiant never consented to acting as the surety for the accused, ens legis STEVEN AUDETTE, PRE SE, all caps corporation, on the record, for the record;

43) Affiant states that jurisdiction demands a venue in accordance with <u>Federal Crop Insurance U Merrill, 1947</u>;

44) Affiant states that Affiant demands a mistrial based on lack of subject matter jurisdiction, lack of venue jurisdiction and lack of en personum jurisdiction of the common law court;

45) Affiant states that Affiant demands the current statutory, Article I ens legis ~~statutory~~ Court, be replaced by an Article <u>III</u> Common law constitutional Court, secured and protected in the nature of the Constitutional Amendment Rights of the United States of America, ratified in 1791, be filed in Common Law Court; ~~mistrial~~

46) Affiant states that Eugenia Hope Jones lied under oath, and on the stand;

-7-

47) Affiant states that Nicholas Stevens Fells lied to ATF agent Van Werden;

48) Affiant states that Marianne "Dolly" Gleason lied while being interrogated;

49) Affiant states that Chris Beyer, Affiants exwife, exposed the truth, and the fact Chris Beyer had lied for years;

50) Affiant states that Mary Joyce Audette has ratified / endorsed lies, supplied to Mary Joyce Audette by the prosecution;

51) Affiant states that the burden of proof has not been met by the prosecution;

52) Affiant states that the prosecution, the purported judge Logan, and the defense attorney as standby counsel all have ignored Affiant's testimony, and have written it off as lies without investigation;

⇒) 53) Affiant states, that affiant has attempted to present legal challenge to a very biased and prejudiced courtroom environment;

54) Affiant states that it was impossible to have a fair trial when the purported judge Logan, straps the Affiant / defendant with ineffective counsel;

55) Affiant states that Affiant is convinced, that a fair trial in this venue, with the purported judge, and this ineffective counsel, with the prosecution running the courtroom and the trial was impossible;

~~[illegible crossed-out line]~~

56) Affiant states that Affiant has learned that "Semper Fidelis" must now mean "Always Faithful to one's own pay day";

-8-

57) Affiant states, that in the nature of <u>Bivens V 6 unknown agents</u> Affiant is of the comprehension, that a representative of the federal government is obligated to perform within the guidelines set forth by the supervising agency or agencies of the federal employee, whether cognizant of those guidelines or not;

58) Affiant states that Affiant was subjected to a trial which was not fair, just, nonbiased, and fell far below any conceivable standards;

59) Affiant states that affiant protests much more than just an unfair verdict. The protest is with the entire kangaroo trial;

60) Affiant states that Affiant contends that the trial in case CR-14-0858-PHX-SPL was <u>NOT</u> fair and nonbiased;

61) Affiant states that suppression and concealment of evidence is derogation of procedural due process, unless suppression is based upon executive privilege or national security;

62) Affiant states that inadequate counsel, biased judge, attorney, prosecution, and investigator, with all defense denied and suppression of Affiant's testimony; Dismissal with prejudice, and a new trial on merits should be mandatory

63) Affiant states, that in the nature of <u>Title I of the Administrative Procedural Code</u>, Affiant has the right to be heard in a meaningful way by the Chief Justice of the present court;

64) Affiant states, purported judge Logan to recuse himself, and chief justice to hear matter;

          Further Affiant Sayeth Naught

          Uniform Commercial Code 1-108  1-308

          L.S. Steven-Dale: of the family Audette [in red ink]