1  JOHN S. LEONARDO
   United States Attorney
2  District of Arizona
   KEVIN M. RAPP
3  Arizona State Bar No. 014249
   Kevin.Rapp@usdoj.gov
4  ANDREW C. STONE
   Arizona State Bar No. 026543
5  Andrew.Stone@usdoj.gov
   Assistant United States Attorneys
6  Two Renaissance Square
   40 N. Central Avenue, Suite 1200
7  Phoenix, Arizona  85004
   Telephone:  602-514-7500
8  Attorneys for Plaintiff

9

10              IN THE UNITED STATES DISTRICT COURT

11                 FOR THE DISTRICT OF ARIZONA

12
   United States of America,                    CR-14-00858-1-PHX-SPL
13
                     Plaintiff,
14                                          UNITED STATES' RESPONSE TO
            vs.                             DEFENDANT'S MOTION FOR
15                                          MISTRIAL (Docs. 250-252)
   Steven Audette,
16

17

18                     Defendant.

19          Defendant's latest motion for mistrial (Doc. 250) is untimely.  This Court has

20  previously denied a multitude of Defendant's various motions for mistrial.  (*See* Docs. 221;

21  228; 233; 248.)  In its most recent Order, the Court found that whether Defendant was

22  renewing his motion for judgment of acquittal under Federal Rule of Criminal Procedure

23  29, or a seeking a new trial under Rule 33, that "all of the listed options are untimely."

24  (Doc. 248.)  Specifically, "[t]he time has expired to file a Rule 29 or Rule 33 motion, and

25  it is premature to file an appeal."  (*Id.*)  That fact remains true for Defendant's most recent

26  motion.

27          The only conceivable vehicle for Defendant's motion for mistrial to be construed as

28  timely is through Rule 33(b), which provides that "[a]ny motion for a new trial grounded

on newly discovery evidence must be filed within 3 years after the verdict or finding of guilty." In Defendant's affidavit in support of his motion for mistrial, he does mention that "newly discovered evidence has been brought to light." (Doc. 251 at 4.) The problem for Defendant arises with what he deems as "newly discovered evidence." Here, Defendant states this new evidence is "in the form of prima fascia (sic) evidentiary testimony which was unlawfully concealed and prevented from presentation at trial." (*Id.*) This evidence, however, is not newly discovered. Indeed, Defendant has raised these same issues during trial, and in numerous briefs post-trial. (*See* Docs. 205, 212, 214, 217, 247.) At trial, Defendant had three witnesses on his witness list and called two of those witnesses to testify on his behalf. (Docs. 202 & 205.) After trial Defendant has expressed his frustration that Nicholas Falls was unable to testify at trial, but the Court has already explained why Mr. Falls was unable to travel to Arizona to testify, despite the best efforts of the U.S. Marshals Service. (Doc. 221 at 2.) In any event, this complaint by Defendant does not represent "newly discovered evidence" and does not make Defendant's latest motion timely.[1]

Even if the Court countenanced Defendant's argument, Defendant's motion fails on the merits. Defendant has not provided any information about the nature or content of this "evidentiary testimony." And there is nothing in the current record that comes close to reaching the requisite standard that the "evidence must indicate that a new trial would probably result in acquittal." *Harrington*, 410 F.3d at 601.

For these reasons, along with the reasons set-forth by the Court in its previous Orders (Docs. 221; 228; 233; 248), and the government's previous motion on this issue

//

//

---

[1] To prevail on a Rule 33 motion for new trial based on newly discovered evidence, a defendant must satisfy a five-part test: (1) the evidence must be newly discovered; (2) the failure to discover the evidence sooner must not be the result of a lack of diligence on the defendant's part; (3) the evidence must be material to the issues at trial; (4) the evidence must be neither cumulative nor merely impeaching; and (5) the evidence must indicate that a new trial would probably result in acquittal. *United States v. Harrington*, 410 F.3d 598, 601 (9th Cir. 2005).

1  (Doc. 220), the Court should deny Defendant's motion.

2      Respectfully submitted this 24th day of June, 2016.

3

4                                      JOHN S. LEONARDO
                                       United States Attorney
                                       District of Arizona
5

6                                      *s/Andrew C. Stone*
                                       KEVIN M. RAPP
                                       ANDREW C.  STONE
7                                      Assistant U.S. Attorneys

8

9

10                        **CERTIFICATE OF SERVICE**

11

12      I hereby certify that on the 24th day of June, 2016, I electronically transmitted the

attached document to the Clerk's Office using the CM/ECF System for filing a copy to the
13
following CM/ECF registrants: Brian Borrelli
14

15  Steven Audette
    #47584-074
    Central Arizona Detention Center, Infirmary
16  1155 North Pinal Parkway
    PO Box 6300
17  Florence, AZ 85132

18  *s/Gaynell Smith*
    U.S. Attorney's Office
19

20

21

22

23

24

25

26

27

28