John W. McBee
3104 E. Camelback Road
PMB 851
Phoenix, AZ  85016
AZ State Bar No. 018497
Office – 602-903-7710
Fax – 602-532-7077
Email – mcbee@cox.net
Attorney for the Defendant

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>    Plaintiff,<br><br>v.<br><br>Steven Audette,<br>    Defendant. | No. CR 14-00858-SPL<br><br>Defendant Objections to the Pre-Sentence Report |

The Defendant, by and through undersigned counsel, respectfully requests that this Court consider the following objections to the Pre-Sentence Report (PSR) at the time of sentencing. Specifically, Mr. Audette disputes the following articles in the document:

**1.     Paragraph 28, Specific Offense Characteristics**.

Mr. Audette disagrees, in principle, with a 16 level increase to the base guideline calculation due to the disparities that result when compared to other offenses.  (See Doc. 280 at 3-5).  However, the United States Sentencing Guidelines (USSG) provides that a 16 level upward enhancement is mandatory for a loss of more than $1 million but less than $2.5 million.  USSG § 2B1.1(b)(1)(I). Accordingly, the adjustment will not be contested at this time.

**2.     Paragraph 30, Adjustment for Role in the Offense.**

The Pre-Sentence Report avers that Mr. Audette's offense level should be increased by 4 due to being an organizer or leader for the offenses for which he was found guilty.  The Defendant rejects

this notion. Specifically, he contends that his wife and co-defendant, Mary Audette, was the organizer of the crimes. Mr. Audette maintains that he would spend his days at his residence, and that Ms. Audette would mastermind the wire transfers and then instruct him regarding how to obtain the funds. (See also, Doc. 280, page 2). Therefore, there should not be an upward departure of 4 levels, and the adjusted offense level should remain at 23.

    **3.**    **Paragraph 34, Acceptance of Responsibilty.**

Mr. Audette contends that he should be eligible for a two-level reduction for acceptance of responsibility. He notes that he fully accepts culpability for his actions, but a trial was necessitated by the fact that it was important for him to have the Government, the Court and indeed, the world-at-large, to understand the truth of his conduct. The trial was a way for Mr. Audette to set the record straight, so to speak, and not simply because he was challenging actual guilt. He also feels as though his legal arguments will carry more weight on upon appeal. For instance, as discussed, supra, he disagrees that a 16 level enhancement for theft crimes should be permitted by law.

As noted in USSG § 3E1.1, Application Notes, paragraph 2, a trial conviction does not automatically bar a reduction for acceptance of responsibility. Although such instances are rare, the Court can still impose a two level reduction if it finds that there are other reasons that a Defendant proceeded with trial other than actual guilt. While there are certainly elements of the latter, Mr. Audette dissents from many of the legal rulings in his case to date, and is awaiting appeal. Accordingly, he implores the Court to allow a downward departure of two levels, to level 21.

    **4.**    **Paragraph 41, Charge of Theft by False Representation.**

Mr. Audette denies that he was arrested on April 1, 1997, and also disagrees with the summation of the crime in the PSR. (See Doc. 280, at 5-6).

**5.     Paragraph 43, Offender Characteristics.**

Mr. Audette would request that the Court not consider any information provided by Mary Audette, as he considers it to be unreliable and untruthful.

**6.     Paragraph 44, Personal and Family Data.**

Mr. Audette notes that his father died on October 18, 2013.

**7.     Paragraph 47, Personal and Family Data.**

Mr. Audette notes that his sexual abuser was Roy Audette, a family member.  He further indicates that he has also lived in Minnesota, Oklahoma, Alabama, Tennessee, Arizona, Louisiana, and Mississippi in addition to North Carolina, Montana and Texas.  (See also, Doc. 280, at 7).

**8.     Paragraph 47, Personal and Family Data.**

The Defendant questions his paternity for the children named.

RESPECTFULLY SUBMITTED this Thirtieth Day of December, 2016,

By:     /s/ John W. McBee
        John W. McBee
        Attorney for the Defendant

CERTIFICATE OF SERVICE

On December 30, 2016, I, John W. McBee, attorney for the Defendant, Steven Audette, filed the Defendant's Objections to the Pre-Sentence Report.  Based on my training and experience with electronic filing in the federal courts, it is my understanding that a copy of this request will be electronically served upon opposing counsels, Andrew Stone and Kevin Rapp, upon its submission to the Court.

Respectfully submitted this 30th day of December, 2016.

/s/  John W. McBee
John W. McBee
Attorney for Defendant