John W. McBee
3104 E. Camelback Road
PMB 851
Phoenix, AZ  85016
AZ State Bar No. 018497
Office – 602-903-7710
Fax – 602-532-7077
Email – mcbee@cox.net
Attorney for the Defendant

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>    Plaintiff,<br><br>v.<br><br>Steven Audette,<br>    Defendant. | No. CR 14-00858-SPL<br><br>Defendant Sentencing Memorandum |

The Defendant, by and through undersigned counsel, respectfully requests that this Court impose a sentence of 37-40 months of prison incarceration. The request is based upon the following contentions:

**I.     Mr. Audette Should Receive a Total Offense Level of 21**

The Pre-Sentence Report (PSR)(Doc. 312) concludes that a total offense level of 27 is appropriate. The figure is predicated upon a base offense level of 7, plus an additional 16 levels because the theft equaled more than $1 million but was less than $2.5 million.[1]  An additional four levels was added because the report concludes that Mr. Audette was an organizer or leader for the offenses. The resulting total offense level is 27.

However, as noted in the Defendant Objections to the Pre-Sentence Report (Doc. 314 at 1-2), Mr. Audette vehemently denies that he directed the commission of the crimes in any way. He

---

[1] Although Mr. Audette disagrees, morally, with a 16-level increase for the theft, the escalation is mandatory pursuant to USSG § 2B1.1(b)(1)(I).

maintains that it was his wife and co-defendant, Mary Audette, who was chiefly responsible for the planning of the wire transfers.  Accordingly, a four level increase for being a leader or organizer of the crimes is unwarranted.

Additionally, Mr. Audette argues that he should also be awarded a two-level decrease for acceptance of responsibility, which is omitted in the PSR.  As discussed in the Defense Objections to the Pre-Sentence Report (Doc. 314 at 2), Mr. Audette does accept full accountability for what he has wrought.  Although granting such a two-level reduction is rare post-trial, it can be imposed by the Court if the case proceeded to trial due to legal, as opposed to factual, issues with the case.  USSG § 3E1.1, Application Note 2.  While there is certainly a factual element to Mr. Audette's arguments, there are also legal concerns, as well.  For instance, Mr. Audette disagrees with many legal aspects of his case and has filed a number of motions outlining his arguments.  He believes that his contentions may be more persuasive on appeal.

In sum, the Defendant avers that the total offense level should be calculated as follows: 7 (base offense level), plus 16 (enhancement for amount of loss), minus 2 (acceptance of responsibility) for a total offense level of 21.

**II.     History and Characteristics of the Defendant.**

Mr. Audette possesses no prior criminal convictions of any kind and is 59 years old.  The fact that he was of an advanced age prior to committing his first crimes is compelling.  It illustrates that there is credence in his belief–true or not–that he was required to live the life of a refugee.  As Mr. Audette has noted in multiple communications with the Court, he is telling the truth as he knows it to be.  The Defendant believes that his life is in danger, and that he must continue to elude the mafia.

Certainly, a loss of over $2 million is a substantial sum.  However, Mr. Audette always believed that he would eventually be able to pay the victims back, which is the reason that he kept

a ledger. He is truly remorseful for what has occurred and that he has not yet had the opportunity to fulfill the promises he made.

Mr. Audette's basis for committing the crimes is an extremely complex and fantastic tale, which quite rightfully calls into question his mental health. Although malingering may be a part of the issue, it is not the totality. It is important to recall that a trained psychologist, Dr. Mendez, concluded that Mr. Audette was unfit to stand trial. (Doc. 312 at 41-42). Her opinion ultimately lead to the Defendant being transferred to the Federal Medical Facility–Butner for an examination. The Forensic Report compiled at the conclusion of Mr. Audette's stay at the facility noted malingering and a personality disorder as contributing factors to his overall mental health. (Doc. 312 at 58). Thus, while Mr. Audette may have been competent to proceed to trial, it is not as though malingering is his lone dilemma.

Mental health is a very complicated matter, and is an area of science that cannot be quantified like math or physics. It appears obvious, through his behavior, that Mr. Audette suffers from mental health problems, at least to some significant degree. This is an area that should be considered when sentence is imposed.

### III.    Conclusion.

As noted above, the Defense contends that a total offense level of 21 is appropriate for this case. When viewed in conjunction with a Criminal History Category of I, the resulting sentencing range 37-46 months. Due to Mr. Audette's lack of any prior criminal conduct, as well as his mental health problems, his age, questionable health, and his remorse, the Defense contends that a sentence at the low-end of the range is fitting for this matter.

RESPECTFULLY SUBMITTED this Thirtieth Day of December, 2016,

By:   /s/ John W. McBee
John W. McBee
Attorney for the Defendant

CERTIFICATE OF SERVICE

On December 30, 2016, I, John W. McBee, attorney for the Defendant, Steven Audette, filed the Defendant's Objections to the Pre-Sentence Report. Based on my training and experience with electronic filing in the federal courts, it is my understanding that a copy of this request will be electronically served upon opposing counsels, Andrew Stone and Kevin Rapp, upon its submission to the Court.

Respectfully submitted this 30th day of December, 2016.

/s/  John W. McBee
John W. McBee
Attorney for Defendant