JOHN S. LEONARDO
United States Attorney
District of Arizona
KEVIN M. RAPP
Arizona State Bar No. 014249
Kevin.Rapp@usdoj.gov
ANDREW C. STONE
Arizona State Bar No. 026543
Andrew.Stone@usdoj.gov
Assistant United States Attorneys
Two Renaissance Square
40 N. Central Avenue, Suite 1200
Phoenix, Arizona  85004
Telephone:  602-514-7500
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>               Plaintiff,<br><br>     vs.<br><br>Steven Audette,<br><br>               Defendant. | CR-14-00858-1-PHX-SPL<br><br>**GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTIONS TO PRESENTENCE REPORT** |

The United States of America responds to Defendant's objections to the Presentence Investigation Report (PSR).  (Doc. 314.)  Defendant raises issues with eight different paragraphs in the PSR.  The government will respond to two; Defendant's objections with Paragraph 30—Adjustment for Role in the Offense, and Paragraph 34—Acceptance of Responsibility.  Neither objection by Defendant is valid and both should be overruled.

**I.     The PSR Appropriately Added Four Levels for Defendant's Role in the Offense**

Defendant should receive a four-level enhancement for his role in the offense in accordance with USSG §3B1.1(a). Defendant was the person who communicated with the victims.  He made the phone calls.  He made the threats.  He told the victims how to send the money.  He misrepresented that Billy Renick, Heather Renick, and Ricky Roach, among others, were federal agents, rather than his wife's family members. The Court heard

the recorded phone calls between Defendant and one of the victims. Defendant was manipulative, forceful, and persistent. He was clearly an organizer and leader of the criminal scheme.

The criminal scheme also involved five or more participants. The Application Notes for Section 3B1.1 define "participant" as a person "who is criminally responsible for the commission of the offense, but need not have been convicted." USSG §3B1.1, comment. (n.1). Here, there were more than five participants who were criminally responsible, including Defendant, his wife, and all the family members and friends who allowed criminally-derived money to flow through their accounts, including: Billy Renick, Heather Renick, Ricky Roach, Kent Parrill, Luis Castillo, Lindsey Renick, and Eugenia Falls.

Even if the Court does not find that Defendant's criminal activity involved five or more participants, the scheme was "otherwise extensive." In *United States v. Govan*, the Ninth Circuit found that even though the number of participants was sufficient under USSG §3B1.1(a), the conspiracy was "clearly 'otherwise extensive' as well." 152 F.3d 1088, 1096 (9th Cir. 1998). The conspiracy in *Govan* "involved interstate travel, a large number of victims . . . as well as nearly $100,000 in robbery proceeds." *Id.* The Ninth Circuit found those facts to represent the "paradigm of 'otherwise extensive' criminal activity." *Id.* (citing *United States v. Rose*, 20 F.3d 367, 374 (9th Cir. 1994) ("Whether criminal activity is 'otherwise extensive' depends on such factors as (i) the number of knowing participants and unwitting outsiders; (ii) the number of victims; and (iii) the amount of money fraudulently obtained or laundered.").) This case fits squarely within the "paradigm" of otherwise extensive criminal activity. The scheme involved interstate travel, a large number of victims, and millions of dollars. *See Govan*, 152 F.3d at 1096; *see also United States v. Camper*, 337 Fed.Appx. 631, 633 (9th Cir. 2009) ("Camper's criminal activity was 'otherwise extensive' because his runners accrued over $1.1 million in fraudulent charges to twenty-three financial institutions located in thirteen states.").

## II. Defendant Should Not Receive a Reduction for Acceptance of Responsibility

In no way can Defendant's conduct before, during, or after trial be considered as clearly demonstrating acceptance of responsibility. Defendant points to an Application Note to provide support for his objection, but that citation is misplaced. The note does provide that in "rare situations" a defendant who had exercised his right to trial may clearly demonstrate acceptance of responsibility, *if* the defendant had gone to trial to "assert and preserve issues that do not relate to factual guilt." USSG §3E1.1, comment. (n.2). Here, Defendant did not go to trial to preserve issues unrelated to factual guilt; he went to trial to tell his story. (*See, e.g.,* Doc. 276.) Defendant had the opportunity to tell his story and the jury rejected it and found him guilty.

## III. Conclusion

The Court should overrule Defendant's objections to Paragraphs 30 and 34 of the PSR.

Respectfully submitted this 6th day of January, 2017.

JOHN S. LEONARDO
United States Attorney
District of Arizona


*s/Andrew C. Stone*
KEVIN M. RAPP
ANDREW C. STONE
Assistant U.S. Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of January, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing a copy to the following CM/ECF registrants: John W. McBee

*s/Gaynell Smith*
U.S. Attorney's Office

- 3 -